People v Carlos-Valencia (2025 NY Slip Op 50046(U))

[*1]

People v Carlos-Valencia (Adelaido)

2025 NY Slip Op 50046(U)

Decided on January 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570060/19

 The People of the State of New York, Respondent,
against
Adelaido Carlos-Valencia, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered June 18, 2018, convicting him, upon his plea of guilty, of attempted endangering the welfare of a child, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered June 18, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument charging attempted endangering the welfare of a child (see Penal Law §§ 110.00, 260.10[1]) was valid for jurisdictional purposes as it contained sufficient allegations that defendant was the individual who, on November 25, 2017 at 3:00 a.m., at a specified Bronx County location, "placed his hands underneath [the 13-year old victim's] shirt and touched [her] breasts without her permission or consent" (see People v Rivera, 76 Misc 3d 130[A], 2022 NY Slip Op 50879[U] [App Term, 1st Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Aguilar-Contreras, 68 Misc 3d 126[A], 2020 NY Slip Op 50841[U][App Term 2d Dept, 2d, 11th & 13th Jud Dists 2020], lv denied 35 NY3d 1092 [2020]; see also People v Thomas, 220 AD3d 582 [2023], lv denied 41 NY3d 944 [2023]). These factual allegations provided reasonable cause to believe that defendant committed the offense (see generally People v Johnson, 95 NY2d 368, 372 [2000]; People v Sanderson, 68 AD3d 1716, 1717 [2009], lv denied 14 NY3d 844 [2010]), and provided adequate notice to enable him to prepare a defense and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: January 22, 2025